

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>           Plaintiff,<br><br>vs.<br><br>Sompheth PHOUMMANY AKA Sompeth PHOUMMANY AKA Jake PHOUMMANY<br><br>           Defendant. | No. 3:22-mj-00023-KFR |

## AFFIDAVIT

I, Thomas J. King, having been first duly sworn, do hereby depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application for a criminal complaint and arrest warrant pursuant to Federal Rules of Criminal Procedure 3 and 4. As explained more fully below, I have probable cause to believe that SOMPHETH PHOUMMANY, AKA Sompeth PHOUMMANY AKA Jake PHOUMMANY has committed the following federal criminal offense:

> On or about November 9, 2021, within the District of Alaska, Sompheth PHOUMMANY knowingly and intentionally distributed controlled substances, to wit: methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)

2. I am a graduate of Buffalo State College, where I obtained a Bachelor of Science in criminal justice. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), Department of Justice, and have been so employed since February 14,

2001. Prior to that I was a Special Agent with the Immigration and Naturalization Service for five years, and an Inspector with the United States Customs Service for three years.

3. I am a graduate of the Federal Law Enforcement Training Center and the ATF National Academy; as a result of my training and experience as an ATF Special Agent, I am familiar with the Federal Firearms laws. Through my experience I have also investigated numerous cases involving 18 U.S.C. § 922(g)(1) (Felon in Possession of a Firearm), 18 U.S.C. § 924(c) (Use of a Firearm in Furtherance of a Violent Crime or a Crime Involving Drug Trafficking) and 21 U.S.C. § 841 et seq (violations of the Controlled Substance Act).

4. The statements in this affidavit are based in part on information provided to me by other law enforcement officers, police reports, my own investigation of this matter, and my training and experience. Since this affidavit is being submitted for the limited purpose of establishing probable cause to support a complaint and securing an arrest warrant, I have not included each and every fact known to me concerning this investigation.

## FACTS ESTABLISHING PROBABLE CAUSE

5. In October of 2021, I initiated an investigation on Sompheth PHOUMMANY, AKA Sompeth PHOUMMANY AKA "Jake", AKA "Lao Jake". I was able to meet PHOUMMANY during undercover interaction, and confirmed his identity. I was also able to confirm where his residence was, and where he worked.

6. On November 6, 2021, while acting in an undercover capacity, I began texting with PHOUMMANY to arrange the purchase of one pound of methamphetamine. On

November 8, 2021, I eventually talked with PHOUMMANY on the phone (recorded) and PHOUMMANY confirmed he had a pound of methamphetamine available, and the price would be $5000. PHOUMMANY and I agreed to meet the following day when PHOUMMANY got out of work.

7. On November 9, 2021, ATF Agents initiated surveillance at Alaska Watertech, and confirmed PHOUMMANY was there. When PHOUMMANY left work he stopped at a daycare to pick up a child, then drove to his residence. I arrived at an agreed upon location, and called PHOUMMANY to tell him I was there (the Taco Bell on Jewell Lake). PHOUMMANY responded that he would be there shortly. I then activated an audio recording/transmitting device, and an audio/video recording device, that were secreted on my person.

8. Surveillance Agents watched PHOUMMANY leave his residence and drive to my location. When PHOUMMANY arrived, he parked near me and I entered his vehicle. PHOUMMANY handed me a large package of what I observed to be methamphetamine. I paid PHOUMMANY $5,000. PHOUMMANY explained that if I bought two pounds or more, then he could drop the price to $4500 per pound. PHOUMMANY mentioned that he was selling methamphetamine to other people at that price, so that's what he wanted to stick to. After the conversation was over I departed the area. I later weighed and field tested the substance I purchased from PHOUMMANY. The substance weighed 464 grams; I obtained a presumptive positive result for methamphetamine.

9. On January 18, after previously texting and talking to PHOUMMANY on the phone, I met PHOUMMANY in an undercover capacity for the purpose of purchasing two pounds of methamphetamine from PHOUMMANY. PHOUMMANY and I met at the Jewel Lake Taco Bell parking lot, and PHOUMMANY transferred to me two packages. I opened up one and observed that it appeared to be approximately one pound of methamphetamine. PHOUMMANY assured me that the other package was also one pound of methamphetamine. I then paid PHOUMMANY $9, 000. Shortly after that, PHOUMMANY was taken into custody by ATF Agents who had been on surveillance.

10. After being advised of his miranda warnings, PHOUMMANY admitted to selling methamphetamine to me and other people, and also admitted there was approximately three more pounds of methamphetamine in his vehicle. The methamphetamine in PHOUMMANY's vehicle was secured by ATF TFO Allen Adair. My encounter with PHOUMMANY was video and audio recorded. I later field tested the methamphetamine I purchased from PHOUMMANY and obtained a presumptive positive result for methamphetamine.

//
//
//
//
//

U.S. v. Sompheth PHOUMMANY
3:22-mj-00023-KFR

## CONCLUSION

I have probable cause to believe that SOMPHETH PHOUMMANY has committed the offense described in the complaint. Accordingly, I ask the court to issue a warrant for SOMPHETH PHOUMMANY's arrest in accordance with Federal Rule of Criminal Procedure 4(a).

RESPECTFULLY SUBMITTED,

THOMAS KING
Digitally signed by THOMAS KING
Date: 2022.01.18 21:47:39 -09'00'

Thomas J. King
Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives

Telephonically sworn to, and electronically signed. January 19, 2022.

KYLE F. REARDON
United States Magistrate Judge
District of Alaska